IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES WINDING                                                                PLAINTIFFS

VS.                                          CIVIL ACTION NO. 3:13cv431-DPJ-FKB

STEVEN J. GRIFFIN, et al.                                                DEFENDANTS

## REPORT AND RECOMMENDATION

This is an action by a state prisoner pursuant to 42 U.S.C. § 1983.  Presently

before the Court are the cross-motions for summary judgment filed by Plaintiff and the

remaining defendant, Steven J. Griffin.[1]  Having considered the motions, the undersigned

recommends that Plaintiff's motion be denied and that summary judgment be entered in

favor of Griffin.

The events underlying Plaintiff's claim are for the most part undisputed.  In April of

2013, there was pending in state court a civil action styled *George Lee McGhee, Jr. v.*

*Warden Frank Shaw*, civil action no. 251-13-253 in the Circuit Court of the First Judicial

District of Hinds County, Mississippi.  The lawsuit, which was subsequently removed to

this court as civil action no. 3:13cv290-DPJ-FKB, was brought by an inmate against Frank

Shaw, the warden of East Mississippi Correctional Facility (EMCF).   Defendant Steven J.

Griffin represented Shaw in the *McGhee* lawsuit.  On April 10, 2013, a summons was

issued in the action.  The summons identified James C. Winding as the attorney for

McGhee.  Winding, an inmate of EMCF and a frequent litigant against prison officials, was

well-known to Griffin.  When Griffin received the summons and complaint and saw that

---

[1]Plaintiff previously voluntarily dismissed all other defendants.

Winding was listed as attorney for McGhee, he called the warden's office at EMCF and informed Tonya Houston, the executive assistant, that Winding was identified as the attorney representing McGhee in his lawsuit against Warden Shaw.  Griffin also advised Ms. Houston that if Winding were in fact attempting to represent McGhee, this would constitute the unlicensed practice of law, and that the matter should be investigated.  On April 30, 2013, prison authorities issued Plaintiff a Rules Violation Report (RVR), charging him with having identified himself in a court document as an attorney representing another inmate.  Plaintiff was found guilty of the RVR.  He received no punishment for the RVR, although prison officials indicated that the matter would be referred to the district attorney's office.[2]  On May 9, 2013, Barbara Dunn, the Hinds County Circuit Clerk, sent a letter to Ms. Houston explaining that Winding's name had been placed on the summons due to a clerical error.  As a result, on May 14, 2013, Warden Shaw requested that the RVR be removed from Winding's file.

Plaintiff's claims herein, as characterized by him, are for defamation of character, harassment, and conspiracy to retaliate.  Winding's theory is that Griffin advised EMCF officials to issue the RVR in order to retaliate against Winding for his many grievances and lawsuits.  However, Winding has produced no evidence that Griffin did anything other than report an undisputed fact - that Winding's name was listed on the summons as McGhee's attorney - and to suggest that it should be investigated.  There is absolutely no evidence that he conspired with prison officials to retaliate against Winding.  Furthermore, Griffin has submitted an affidavit in which he states that he simply presented factual information

---

[2]There is no indication that this was ever done.

to Ms. Houston and specifically denies that he advised prison officials to issue Winding an RVR or to find him guilty.

Winding has failed to come forward with any evidence to establish a constitutional violation or any other basis for liability on the part of Griffin.  For this reason, the undersigned recommends that Plaintiff's motion for summary judgment be denied, that Griffin's motion be granted, and that Winding's claims be dismissed as frivolous.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 18th day of April, 2014.

/s/ F. Keith Ball_____
UNITED STATES MAGISTRATE JUDGE