UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES WINDING                                                                                           PLAINTIFFS

V.                                                              CIVIL ACTION NO. 3:13CV431 DPJ-FKB

STEVEN J. GRIFFIN                                                                                      DEFENDANT

ORDER

This § 1983 action by state prisoner James C. Winding is before the Court on the Report and Recommendation of Magistrate Judge F. Keith Ball [37]. After considering the cross-motions of Plaintiff James Winding and Defendant Steven J. Griffin, Judge Ball recommended denying Plaintiff's motion and granting Defendant Griffin's motion.

This lawsuit stems from Winding's name being listed as an attorney on a document generated in a state-court action filed by another inmate, *George Lee McGhee, Jr. v. Warden Frank Shaw*. Defendant Griffin, an attorney, represented Warden Shaw in that lawsuit. When Griffin received a summons listing Winding as McGhee's attorney, he notified prison officials.

On April 30, 2013, prison officials issued a Rule Violation Report (RVR) accusing Winding of identifying himself as an attorney in violation of prison rules and state law. Winding was found guilty, but received no punishment. Instead, the matter was referred to the district attorney. Soon thereafter, the Hinds County Circuit Clerk informed the prison that Winding's name had been placed on the summons due to a clerical error. Warden Shaw requested that the RVR be removed from Winding's file.

Winding filed the instant suit against Griffin alleging claims of defamation, harassment, and conspiracy to retaliate. Judge Ball found, and the undersigned agrees, that Winding has

produced no evidence that Griffin did anything other than report an undisputed fact—that Winding's name was listed on the summons as McGhee's attorney. Winding has not come forward with any evidence to establish a constitutional violation or any other basis for liability against Griffin.

On May 5, 2014, Winding filed his Objection [44, 45] to the Report and Recommendation.[1] In his Objection, Winding does not even mention Defendant Griffin. Instead, he asks the Court to revive his claims against prison officials that he previously dismissed. *See* Motion [31] (dismissing parties). He claims these defendants failed to perform an adequate investigation and argues that the decision to refer the matter to the district attorney caused him "mental anguish and misery" because he worried he might be indicted. Obj. [44] at 10.

Winding has failed to allege a constitutional violation, and his request to reinstate previously-dismissed defendants is denied. Moreover, 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." In short, the Court has reviewed this filing, and it does not change the Court's conclusion that the Report and Recommendation should be adopted.

The Court further finds Plaintiff's claims are frivolous. Winding has repeatedly been warned that the filing of frivolous claims will no longer be tolerated by this Court. *See Winding*

---

[1] In one envelope, Winding included a "Motion to Object to Report and Recommendation Due by 5/2/14" and a "Motion to Amend to Motion to Object to Report and Recommendation Due by 5/2/14." The filings were docketed twice, as an Objection [44] and a motion to object and amend [45].

*v. Buscher*, No. 3:14cv270 DPJ-FKB, Order [7] at 5–6 (collecting cases). The Court finds that Plaintiff has again willfully abused the judicial process. Because the Court finds that lesser sanctions will not suffice to deter Plaintiff's abuse, this case is dismissed with prejudice and Plaintiff is assessed a monetary sanction in the amount of $20.00.

After the entry of the Report and Recommendation, Winding also mailed another batch of documents to the Clerk's office, which were docketed as six motions [38, 39, 40, 41, 42, 43].

- In two of Winding's motions [38, 43], he complains about the alleged bias of Lt. Jones in presiding over a different RVR, issued April 3, 2014. He claims that because Jones is a defendant in this action, Jones is not neutral. He further complains that as punishment for this April 2014 RVR, his kitchen job was wrongfully taken away from him—a job which he obtained through an August 2013 settlement of multiple lawsuits against Trinity Services Group, Inc. Despite being warned in the past, Winding, through these motions, seeks to add claims outside the scope of the original complaint. *See* Order [90]. These motions [38, 43] are denied.

- Motion for Injunction and Stay [39]; Motion for Injunctions [40]. Winding seeks to enjoin Lt. Jones from rendering punishment in the form of loss of Winding's kitchen job. Again, Winding seeks to add claims outside the scope of the original complaint. These motions [39, 40] are denied.

- Motion to Re-Open Claims Against Defendants S. Jones, F. Ovalle, Michael Rice, R. Rice, F. Shaw [41]. This motion reiterates Winding's request in his Objection to reinstate his claims against various prison officials. The motion [41] is denied.

- Motion to Reconsider [42]. Winding asks the Court to reconsider Judge Ball's text order,

entered April 14, 2014, terminating [36] motion to submit response; denying [36] motion to strike [33] response. Winding has not alleged grounds to reconsider this order. The motion [42] is denied.

Winding has also been warned that he must refrain from filing repetitive motions in his pending civil actions. *See Winding v. Lard*, NO. 3:13cv142 DPJ-FKB, Order [67] at 5 ("Winding is warned that in the future, he should refrain from filing repetitive motions. Failure to do so will result in monetary sanctions."). As evidenced by the filing of four motions [38, 39, 40, 43] arguing alleged bias by Lt. Jones in the handling of a more recent RVR and challenging the loss of kitchen privileges, Winding has decided not to heed the warning. Because the Court finds that lesser sanctions will not suffice to deter Plaintiff's abuse, Plaintiff is assessed a second monetary sanction in the amount of $20.00 for duplicitous filing.

IT IS THEREFORE ORDERED AND ADJUDGED that Judge Ball's Report and Recommendation [37] is adopted as the opinion of the Court. Defendant Griffin's motion for summary judgment [33] is granted; Plaintiff's motion for summary judgment [31] is denied. Plaintiff's other motions [38, 39, 40, 41, 42, 43] are also denied.

IT IS FURTHER ORDERED AND ADJUDGED that this case is DISMISSED with prejudice. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

IT IS FURTHER ORDERED AND ADJUDGED that Winding is hereby assessed a monetary sanction of $40.00, which shall be paid to the Clerk of Court for the Southern District of Mississippi, 501 E. Court Street, Suite 2.500, Jackson, Mississippi 39201. FAILURE TO TIMELY PAY THIS SANCTION MAY RESULT IN THE AUTOMATIC DISMISSAL OF

4

ANY FUTURE CASES BROUGHT BEFORE THIS COURT AND OTHER APPROPRIATE SANCTIONS.

**SO ORDERED AND ADJUDGED** this the 12th day of May, 2014.

s/ *Daniel P. Jordan III*<br>UNITED STATES DISTRICT JUDGE